# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

TRACIE YOST,

                Plaintiff,

v.                             CIVIL ACTION NO. 3:08-1409

CSX TRANSPORTATION, INC.,

                Defendant.

## MEMORANDUM ORDER AND OPINION

Pending before the Court is Defendant's Motion to Transfer Venue (doc. 6). For the following reasons, the Court **GRANTS** this motion and **TRANSFERS** this action to the District Court for the Middle District of Florida.

## FACTS

Plaintiff Tracie Yost is and has been a train dispatcher, a contract position, for Defendant since November 9, 1998. In late 2004, Plaintiff began applying for available salaried positions. In all, she applied for eight positions, but was denied all of them. Three of these positions were located in the Southern District of West Virginia, one was located in the Middle District of Florida, and the remaining four were not located in either district. At the time that Plaintiff applied for these positions, she was employed by Defendant in the Middle District of Florida. Plaintiff concedes that the decisions to deny her applications "probably occurred in" the Middle District of Florida and that the records related to those decisions are in that district. *Plaintiff's Response,* at p. 2. Defendant states that "a majority of the witnesses who have knowledge of this civil action are located in the

Middle District of Florida." *Defendant's Memorandum in Support,* at p. 2. It is not clear that Plaintiff disputes this assertion, although she claims that "many of the witnesses [that she] intends to call, [sic] are now in Huntington [in the Southern District of West Virginia] or are no longer employed by [Defendant] in Florida." *Plaintiff's Response,* at p. 2. Defendant has its principal place of business in the Middle District of Florida, although it also maintains a large operation here.

Plaintiff states that Defendant transferred her to the Southern District of West Virginia last year. Defendant replies that Plaintiff in fact voluntarily bid on a position in this district.

Plaintiff claims Defendant refused her applications for salaried positions because of her gender. She further claims that when she attempted to address the alleged discrimination, Defendant retaliated against her in a variety of ways. Accordingly, she has filed gender discrimination and retaliation claims under the Civil Rights Act, 42 U.S.C. §§ 2000e-2 to -3.

**LEGAL STANDARD**

Title 28, U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Title 42, U.S.C. § 2000e-5(f)(3) lays out four locations where venue might be proper for Plaintiff's claims: (1) the district where the unlawful employment practice allegedly was committed; (2) the district where the relevant employment records are kept; (3) the district where Plaintiff would have worked had there been no discrimination; and (4) if Defendant could not be found in any of these districts, the district where Defendant has its principal place of business.

In evaluating a motion to transfer, a district court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "Factors commonly considered in ruling on a transfer motion include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view;[1] (6) the interest in having local controversies decided at home; and (7) the interests of justice." *AFA Enters., Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D. W. Va. 1994). "Decisions whether to transfer a case pursuant to 28 U.S.C. § 1404 are committed to the discretion of the transferring judge." *Brock v. Entre Computer Ctrs., Inc.,* 933 F.2d 1253, 1257 (4th Cir. 1991) (quoting *Stewart Org., Inc.,* 487 U.S. at 29).

## DISCUSSION

Consideration of the enumerated factors listed above convinces the Court that this case could have been brought in the Middle District of Florida, and that that district is indeed a more appropriate venue than this one. Under 42 U.S.C. § 2000e-5(f)(3), the Middle District of Florida is a proper venue under all four tests, whereas this district only satisfies the statute's third test, the district where Plaintiff would have worked but for the discrimination. Essentially, Plaintiff bases her choice of venue on the fact that three of the eight positions she applied for are located in this district and that, after applying for these positions, she was transferred to a position here. Unfortunately for Plaintiff, these connections are insufficient.

---

[1] Both parties note that this factor is not applicable to this action. The Court concurs and therefore does not discuss it.

Transfer of this case will increase "ease of access to proof." *AFA Enters., Inc.*, 842 F. Supp. at 909. Defendant represents that "records with respect to the[] hiring decisions [at issue] are maintained in the Middle District of Florida." *Defendant's Memorandum in Support,* at p. 2. Plaintiff apparently does not refute this representation, but claims that "[m]ost, if not all, of the records are easily transportable and can be authenticated for trial purposes by a records custodian at the Huntington operation." *Plaintiff's Response,* at p. 2. Plaintiff may be correct, but this fails to alter the underlying fact that they would be *more* easily accessed in the Middle District of Florida.

An analysis of factors (2) through (4), noted above, also all weigh in favor of transfer. Plaintiff argues that "[i]t would be tremendously inconvenient, expensive and onerous for [her] to have to prosecute her case in Florida," and that inconvenience to Defendant would be limited because it "has a huge operation in Huntington." *Id.* Even if true, the inquiry does not end with the convenience of the parties. The alleged discrimination and retaliation occurred in the Middle District of Florida. It seems likely that a majority of witnesses are located there, and almost certain that more witnesses are located there, or closer to there, than in the Southern District of West Virginia. Thus it would be more convenient and less expensive for witnesses to appear at a trial in that district rather than one in this district, which is several hundred miles from the Middle District of Florida. Similarly, for witnesses who refuse to appear, more are likely to be subject to compulsory process there than here.

The Middle District of Florida likely has a greater interest in seeing the case tried there than this district has in seeing it tried here. It is of course true that three of the eight positions to which Plaintiff applied, and for which she was rejected, were located in this district. However, a fourth position was located in the Middle District of Florida, and *all* of the alleged discriminatory hiring

decisions occurred there. Moreover, based on the timeline of events, it appears likely that most if not all of the alleged retaliation occurred in the Middle District of Florida. While this district has an obvious interest in providing a forum for plaintiffs to challenge unlawful discrimination and retaliation within the Southern District of West Virgina, the interest of the Middle District of Florida is superior in this instance.

Finally, a transfer would be in "the interests of justice." *AFA Enters.*, 842 F. Supp. at 909. As discussed, all of the other relevant factors essentially call for a transfer. Plaintiff has pointed to nothing that suggests to the Court that a transfer would be inappropriate. Ultimately, Plaintiff has demonstrated little more than the fact that three of the eight positions for which she applied were located in the Southern District of West Virginia, and that trial in the Middle District of Florida will be considerably burdensome to her. While the Court does not doubt the truth of these assertions, they are simply not enough. Every other fact in this case suggests that the Middle District of Florida is a more appropriate venue for this case than this one. Defendant's motion should be granted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Transfer Venue (doc. 6) and **TRANSFERS** this action to the District Court for the Middle District of Florida.

The Court **DIRECTS** the Clerk to send a copy of this written Order and Opinion to counsel of record and any unrepresented parties.

ENTER: February 27, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE